W. GREEN'S EXECUTOR AND DEVISEES v. WM. WATKINS et al.

Partnership — Joint Owners — Settlement of Accounts.

In a suit for a settlement of account between joint owners of lands where sales have been made from time to time by one of the partners and no accounting made, it is proper to have the interest of the other partner valued as of the date of the last sale made by the senior partner and charge the senior partner with interest on such sales made up to such last sale.

In a settlement as of a partnership, the account should be settled by charging the senior member with all money received and interest, in so far as was used for his individual purposes, and the junior member should have a judgment against him for this sum, with a lien on the senior member's undivided interest in the land not sold.

APPEAL FROM BRECKINRIDGE CIRCUIT COURT.

May 30, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

The testator, W. Green, and A. Watkins in the year 1826, purchased a large tract of land of some 8,000 acres, and subsequently divided it into some thirty-eight smaller tracts, and Watkins sold various of these to different purchasers, who commenced improvements on their respective lots or tracts. Green joined in the conveyance to some, received portions of the purchase money from others, and did not object to Watkins' sales. Watkins also mortgaged other lots of the land to some of his creditors.

In July, 1843, these mortgagees brought suit for foreclosure in which Green was made party; the purchasers by various pleadings who had not obtained a conveyance became parties and sought a conveyance.

Green resisted the foreclosure of the mortgages and a conveyance to the purchasers from Watkins.

Watkins insisted that he was authorized as partner and by authority from Green to sell, which Green denied, and by their various pleadings and cross-pleadings their joint and individual accounts were sought to be adjusted.

After many years litigation the court adjudged a conveyance to the purchasers, from Watkins, allotted to Green the remainder of the unsold and unincumbered land, and ascertained the remainder due to him from Watkins and gave him a preferred lien on the mortgaged land for this balance over the mortgagees.

Green's executor and devisees insist that there were various errors, and to correct which they prosecute this appeal.

The subdivision of the land soon after the purchase by Green and Watkins, the numerous sales of these smaller lots by Watkins, Green joining in the conveyance of some, and reception of the purchase money of others, the permitting others without objection to improve the lots so purchased by them, are sufficient so far as the purchasers are concerned to raise an equity in their behalf against Green for the legal title, and so far as they are concerned, no error is perceived in the judgment.

But there seems to be a radical error in the adjustment of the rights of Watkins and Green as to the latter.

The court appointed commissioners to value the various subdivisions of this land, the sold and unsold, who reported October 4, 1847, the value of each lot per acre as of that date.

Watkins had sold much of this land many years previously at prices considerably under this valuation fixed by the commissioners, and had himself used nearly all the purchase money, yet the court compelled Green to take the unsold and unincumbered land at the valuation of 1847, whilst it charged Watkins with the price for which he previously sold the land, and did not charge him interest on the money.

If the parties are to be regarded as joint owners merely, and the right of each to use or separate his interest by a sale should be recognized, then Green would be entitled to have his interest valued as of the time Watkins sold, but as this might be somewhat impracticable, a nearer approach to full justice would perhaps be to value the land allotted to Green as of the date of Watkins' last sale and charge Watkins with interest on his respective sales up to that time. If the purchase of the tract originally by Watkins and Green should be regarded as a partnership, then the accounts between these partners should be adjusted by charging Watkins with the money and interest thereon, because he has used and appropriated it to his own individual purposes, at least so far as he has so used and appropriated it, and Green

should have a judgment against him for this, with a lien on Watkins' undivided interest in the land not sold, and an order of sale to pay his judgment.

And so far as Watkins may owe Green on account of land sold the latter he is entitled to priority over Watkins' mortgagees, but not for the amount of any balance of their private accounts not connected with the land transactions; hence, in a future reference to a commissioner, he should be instructed to separate the items of their individual accounts connected with the land transactions from those not so connected, and report a balance sheet as to both character of accounts between these parties.

As to rents, each party should be charged with what they received with interest thereon, but should not be charged with such as has been lost, as it would not be the more particular duty of the one than the other to collect this.

It is insisted that there are other errors, but as the cause must be returned and again referred to a commissioner for a report upon an entirely different basis from the reports now in, and additional evidence may be taken, the next presentation may be very different.

On a return of the cause, the court should direct a commissioner to report and adjust the matters between Watkins and Green in the two aspects of joint owners and as partners, and the court should adopt the one which will the more nearly do ample justice to the parties, as either rule might be regarded as applicable to this case.

Wherefore, the judgment is reversed as between Green's executor and devisees, and Anselm Watkins and the mortgagees, but affirmed as to the purchasers including Wm. Watkins, with directions for further proceedings as herein indicated.

*Lindsey,* for Appellants.

*Kincheloe,* for Appellees.